1  Mark G Tratos (Bar No. 1086)
  Rob Phillips (Bar No. 8225)
2  GREENBERG TRAURIG
  3773 Howard Hughes Parkway
3  Suite 400 North
  Las Vegas, Nevada 89109
4  Telephone: (702) 792-3773
  Facsimile: (702) 792-9002

5  Counsel for GLOBAL CONNECT, LLC

6

7              UNITED STATES DISTRICT COURT

8                 DISTRICT OF NEVADA

9  GLOBAL CONNECT, LLC, a Nevada limited          Case No.
  liability company,
10                                                 COMPLAINT FOR DECLARATORY
11         Plaintiff,                              JUDGMENT OF NON-INFRINGEMENT
                                                   AND PATENT INVALIDITY
12  v.

13  TECHRADIUM, INC, a Texas corporation

14         Defendant.

15

16      Plaintiff, Global Connect, LLC, ("Global" or "Plaintiff"), by and through its attorneys

17  makes and files this Complaint against Defendant, TechRadium, Inc., ("TechRadium" and

18  "Defendant"); and hereby alleges and demands a jury trial.

19                           **THE PARTIES**

20      1.      Global is a corporation formed under the laws of Nevada with its principal place of

21  business in Mays Landing, New Jersey.

22      2.      TechRadium is a corporation formed under the laws of Texas with its principal place

23  of business in Sugar Land, Texas.

24      3.      TechRadium is in the business of mass notification and emergency and alerting

25  systems to governmental, educational, commercial and non-profit entities throughout the United

26  States. TechRadium's technology is purportedly subject to numerous patents and marketed under

27  the tradename IRIS™ ("Immediate Response Information System).

28

LV 418,947,670v1 10-20-09

4.     TechRadium owns U.S. Patent Nos. 7,130,389 ("the '389 Patent") issued on October 31, 2006, 7,496,183 ("the '183 Patent") issued on February 24, 2009, and 7,519,165 ("the '165 Patent") issued on April 14, 2009.  A copy of each of these patent is attached hereto as Exhibits A, B and C, respectively.

## JURISDICTION AND VENUE

5.     This is an action for declaratory relief of non-infringement and/or invalidity of the '389, '183 and '165 Patents that arises under United States patent laws (35 U.S.C. §101, et seq.). These claims arise under the Declaratory Relief Act, 28 U.S.C. §2201 and §2202.

6.     The Court has jurisdiction over this case pursuant to Title 35 of United States Code and U.S.C. §1331 and §1338(a).

7.     This Court has personal jurisdiction over Defendant because Defendant has established substantial contacts in and purposefully availed itself to the laws of the state of Nevada thus establishing personal jurisdiction over the Defendant.

8.     Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §1391(b), §1391(c), §1391(d), §1400(b), §2201 and §2202.

## FACTUAL BACKGROUND

9.     Global is a leading provider of web-based voice messaging and helps a variety of organizations throughout the United States, Canada and Puerto Rico deliver voice messages quickly and cost-effectively.  Global utilizes a Voice Over Internet Protocol to deliver prerecorded voice messages to designated phone numbers.

10.     Global has expended substantial amounts of time, money and resources in the research, development, marketing and sale of its web-based voice messaging systems.

## TECHRADIUM'S ENFORCEMENT CAMPAIGN

11.     Recently TechRadium has established a pattern and practice of aggressive enforcement of its purported patent rights by suing multiple entities operating within the same industry as Plaintiff under the '389, '183 and '165 Patents.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 418,947,670v1 10-20-09

1        12.    Defendant first sued Twitter, Inc. on or about August 4, 2009 claiming that Twitter

2  infringed the '389, '183 and '165 Patents. The lawsuit was filed in the Southern District of Texas

3  and assigned case number 4:09-cv-02490.

4        13.    On or about September 14, 2009, Defendant filed a separate action against AtHot,

5  Inc., BroadBlast, Inc., Edulink Systems, Inc., First Call Network, Inc., GroupCast, LLC, Parlant

6  Technology, Inc., Reliance Communications, Inc., Saf-T-Net, Inc., SWN Communications Inc.,

7  SwiftReach Networks, Inc., Twenty-First Century Communications, Inc., claiming that the multiple

8  defendants infringed the '389, '183 and '165 Patents. The lawsuit was filed in the Eastern District

9  of Texas and assigned case number 2:09-cv-00275.

10        14.    On or about October 7, 2009 a representative of ADT Security Services contacted

11  Global via telephone and accused it of infringing TechRadium's patents and indicating that

12  TechRadium was going to be enforcing TechRadium's patents against Global. On information and

13  belief, ADT Security Systems is a partner of TechRadium. Although not specified, Global believes

14  the accusation is related to at least the '389, '183 and '165 Patents which TechRadium has recently

15  begun to aggressively enforce against third parties in the mass communications industry.

16        15.    Prior to being contacted by the representative of ADT Security Systems, Global was

17  awarded a job based on winning a bid process for providing a Community Notification System for

18  Atlantic County in New Jersey. TechRadium was also involved in the bid process but was beaten

19  out by Global. Global believes losing the aforementioned job to Global has motivated TechRadium

20  to aggressively pursue and threaten Global with patent infringement.

21        16.    TechRadium's job loss to Global in the bid process, the threat of patent infringement

22  litigation by TechRadium's partner ADT Security Systems, and TechRadium's recent aggressive

23  litigation tactics to enforce the '389, '183 and '165 Patents, creates a substantial case and

24  controversy or sufficient immediacy and reality between Global and TechRadium to warrant the

25  grant of declaratory relief.

26  / / /

27  / / /

28  / / /

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 418,947,670v1 10-20-09

1

2

## DECLARATORY JUDGMENT COUNT ONE

## NON-INFRINGEMENT OF U.S. PATENT NO. 7,130,389

3    17.    The allegations set forth in paragraphs 1-16 are incorporated herein by reference.

4    18.    A case and controversy exists between Global and Defendant concerning the

5  Defendant's '389 Patent, which requires a declaration of rights by the Court.

6    19.    The use of Global's mass communication system in the United States does not

7  infringe, contributorily infringe, nor constitute inducement of infringement of any valid claim of the

8  '389 Patent.

9    20.    Global is entitled to a declaratory judgment that it has not infringed and it is not now

10  infringing, has not contributorily infringed and is not now contributorily infringing, and has not

11  induced and is not now inducing infringement or any valid claim of the '389 Patent.

12   ## DECLARATORY JUDGMENT COUNT TWO

13   ## NON-INFRINGEMENT OF U.S. PATENT NO. 7,496,183

14    21.    The allegations set forth in paragraphs 1-20 are incorporated herein by reference.

15    22.    A case and controversy exists between Global and Defendant concerning the

16  Defendant's '183 Patent, which requires a declaration of rights by the Court.

17    23.    The use of Global's mass communication system in the United States does not

18  infringe, contributorily infringe, nor constitute inducement of infringement of any valid claim of the

19  '183 Patent.

20    24.    Global is entitled to a declaratory judgment that it has not infringed and it is not now

21  infringing, has not contributorily infringed and is not now contributorily infringing, and has not

22  induced and is not now inducing infringement or any valid claim of the '183 Patent.

23   ## DECLARATORY JUDGMENT COUNT THREE

24   ## NON-INFRINGEMENT OF U.S. PATENT NO. 7,519,165

25    25.    The allegations set forth in paragraphs 1-24 are incorporated herein by reference.

26    26.    A case and controversy exists between Global and Defendant concerning the

27  Defendant's '165 Patent, which requires a declaration of rights by the Court.

28

*LV 418,947,670v1 10-20-09*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

27.    The use of Global's mass communication system in the United States does not infringe, contributorily infringe, nor constitute inducement of infringement of any valid claim of the '165 Patent.

28.    Global is entitled to a declaratory judgment that it has not infringed and it is not now infringing, has not contributorily infringed and is not now contributorily infringing, and has not induced and is not now inducing infringement or any valid claim of the '165 Patent.

## DECLARATORY JUDGMENT COUNT FOUR

### NON-INFRINGEMENT OF U.S. PATENT NO. 7,130,389

29.    The allegations set forth in paragraphs 1-28 are incorporated herein by reference.

30.    There is an actual, substantial and justiciable controversy between Global and Defendant concerning the invalidity of Defendant's '165 Patent, which requires a declaration of rights by the Court.

31.    The '165 Patent is invalid because the purported invention claimed therein fails to meet the conditions of patentability set forth in 35 U.S.C. §101, §102, §103 and/or §112.

32.    Global is entitled to a declaratory judgment that the claims of the '165 Patent are invalid.

## DECLARATORY JUDGMENT COUNT FIVE

### NON-INFRINGEMENT OF U.S. PATENT NO. 7,496,183

33.    The allegations set forth in paragraphs 1-32 are incorporated herein by reference.

34.    There is an actual, substantial and justiciable controversy between Global and Defendant concerning the invalidity of Defendant's '183 Patent, which requires a declaration of rights by the Court.

35.    The '183 Patent is invalid because the purported invention claimed therein fails to meet the conditions of patentability set forth in 35 U.S.C. §101, §102, §103 and/or §112.

36.    Global is entitled to a declaratory judgment that the claims of the '183 Patent are invalid.

/ / /

/ / /

LV 418,947,670v1 10-20-09

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

## DECLARATORY JUDGMENT COUNT SIX

## NON-INFRINGEMENT OF U.S. PATENT NO. 7,519,165

37.    The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

38.    There is an actual, substantial and justiciable controversy between Global and Defendant concerning the invalidity of Defendant's '165 Patent, which requires a declaration of rights by the Court.

39.    The '165 Patent is invalid because the purported invention claimed therein fails to meet the conditions of patentability set forth in 35 U.S.C. §101, §102, §103 and/or §112.

40.    Global is entitled to a declaratory judgment that the claims of the '165 Patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter declaratory judgment, relief and Order against Defendant as follows:

(A)    A declaration that Global has not, and is not currently infringing, contributorily infringing, or inducing infringement of any valid claim of U.S. Patent No. 7,130,389;

(B)    A declaration that Global has not, and is not currently infringing, contributorily infringing, or inducing infringement of any valid claim of U.S. Patent No. 7,496,183;

(C)    A declaration that Global has not, and is not currently infringing, contributorily infringing, or inducing infringement of any valid claim of U.S. Patent No. 7,519,165;

(D)    A declaration that the claims of U.S. Patent No. 7,130,389 are invalid;

(E)    A declaration that the claims of U.S. Patent No. 7,496,183 are invalid;

(F)    A declaration that the claims of U.S. Patent No. 7,519,165 are invalid;

(G)    Enjoining Defendant, their officers, agents, servants, employees, representatives, successors, assigns, and any and all persons in active concert or participation with or under authority from Defendant, either separately or jointly, from asserting or enforcing U.S. Patent No. 7,130,389, or threatening the same, against Global, its related companies, successor or assigns, and/or developers, manufacturers, distributors, purchasers or users of Global's mass communication systems.

LV 418,947,670v1 10-20-09

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1    (H)    Enjoining Defendant, their officers, agents, servants, employees, representatives,

2    successors, assigns, and any and all persons in active concert or participation with or under

3    authority from Defendant, either separately or jointly, from asserting or enforcing U.S. Patent No.

4    7,496,183, or threatening the same, against Global, its related companies, successor or assigns,

5    and/or developers, manufacturers, distributors, purchasers or users of Global's mass communication

6    systems.

7    (I)    Enjoining Defendant, their officers, agents, servants, employees, representatives,

8    successors, assigns, and any and all persons in active concert or participation with or under

9    authority from Defendant, either separately or jointly, from asserting or enforcing U.S. Patent No.

10    7,519,165, or threatening the same, against Global, its related companies, successor or assigns,

11    and/or developers, manufacturers, distributors, purchasers or users of Global's mass communication

12    systems.

13    (J)    Enjoining Defendant, their officers, agents, servants, employees, representatives,

14    successors, assigns, and any and all persons in active concert or participation with or under

15    authority from Defendant, either separately or jointly, from interfering with, or threatening to

16    interfere with, the manufacture, use, sale or offer of sale of Global's mass communication systems

17    by Global, its related companies, successor or assigns, and/or developers, manufacturers,

18    distributors, purchasers or users of Global's mass communication systems in connection with

19    Global's business;

20    (K)    Declaring this suit exceptional under 35 U.S.C. §285 and the Plaintiff's be awarded

21    their costs, expenses and reasonable attorneys' fee; and

22    (L)    Awarding such other and further relief as this Court may deem just and proper.

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

LV 418,947,670v1 10-20-09

1

## JURY DEMAND

2    Global hereby demands a trial by jury on all issues so triable.

3    Respectfully submitted this 21st day of October, 2009.

4                                              GREENBERG & TRAURIG

5                                              /s/ Rob L. Phillips

6                                              Mark G Tratos (Bar No. 1086)
                                               Rob L. Phillips (Bar No. 8225)
7                                              Greenberg Traurig
                                               3773 Howard Hughes Parkway
8                                              Suite 400 North
                                               Las Vegas, Nevada 89169
9                                              Counsel for Global Connect, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 418,947,670v1 10-20-09